## Jeffries's Estate

*W. Jos. Harrison, Jr.,* and *Ferree Brinton,* for exceptant.
*George S. Ellis,* contra.

GEST, J., July 1, 1932.—In October, 1924, Marie Clothier paid to Heber M. Lamon, who did business as a real estate and investment broker, $1000 to invest in a mortgage styled Amelia Ernst Mortgage Loan, and took his receipt therefor. In March, 1930, Marie Clothier paid to Heber M. Lamon the further sum of $2000 for investment in a mortgage on premises Nos. 2005 and 2007 Sergeant Street. These mortgages were never delivered by Mr. Lamon to Mrs. Clothier, although she often demanded them of him, and it was shown that in fact no such mortgages ever existed. Lamon continued to pay her interest on the supposed mortgages, and in October, 1930, paid her $500 in reduction of the principal sum.

Ida Jeffries died on August 9, 1929, leaving a will, by which she appointed Heber M. Lamon executor, and letters testamentary were granted to him on August 15, 1929. On November 28, 1930, Lamon paid to Mrs. Clothier $1500, and on November 29, 1930, the further sum of $1000, both amounts being paid by his checks as executor of the Jeffries estate, which were duly paid, and Mrs. Clothier gave him her receipt, specifying that they were for mortgages to be assigned by her to the Jeffries estate. Of course, she executed no such assign-

ments, for the very good reason that she did not have the mortgages, and in reality they were nonexistent. Mrs. Clothier relied throughout on the honesty of Lamon.

When Lamon filed his account as executor he admitted that he had drawn and delivered these two checks illegally to Mrs. Clothier, and as it was shown that he had embezzled a large part of the Jeffries estate, he was removed as executor, and Henry W. Scarborough was appointed administrator d. b. n. c. t. a. He presented this petition to the court, praying for an order on Marie Clothier to refund the sum of $2500 so received by her from the moneys of the Jeffries estate. An answer and a replication were filed, and the case was referred to Ralph C. Busser, Esq., as master, who, in his report, recommended a decree directing Marie Clothier to pay the said sum of $2500 to Henry W. Scarborough, administrator d. b. n. c. t. a. of the estate of Ida Jeffries, with interest from November 29, 1930.

In our opinion, the exceptions to the report of the master should be dismissed. It seems clear to us that Marie Clothier was the innocent victim of a fraud practiced upon her by Lamon, who, as stated, was a so-called investment broker, and took her money for investment in bogus or nonexistent mortgages, and lulled her into a feeling of security by paying her from time to time money supposed to represent the interest thereon. She kept on urging him to deliver the mortgages to her, and finally, when he became executor of the Jeffries estate, he was able, as the phrase goes, to rob Peter to pay Paul, and returned to her $2500 from the funds of the Jeffries estate, taking her receipts therefor, which specified that the money was paid to her for assignments of mortgages to the estate. Her innocent belief that she was to assign these nonexistent mortgages to the Jeffries estate cannot prejudice the rights of those beneficially entitled. The money belongs to the Jeffries estate, and this court should follow it and compel its repayment. That we have jurisdiction to do this appears from many decisions, which, however, we do not think it necessary to discuss in detail, referring merely to Brooke's Appeal, 102 Pa. 150; Watts's Estate, 158 Pa. 1; Odd Fellows' Savings Bank's Appeal, 123 Pa. 356; Marshall's Estate, 138 Pa. 285; Mulholland's Estate, 154 Pa. 491, and Williams's Estate, 236 Pa. 259.

All exceptions are dismissed. The report of the master is confirmed and the decree recommended by him is entered accordingly.